E-FILED
Wednesday, 20 May, 2026  12:21:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| STEVEN NITZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04069-SLD-RLH |
| | ) | |
| CITY OF MOLINE POLICE | ) | |
| DEPARTMENT, STEVEN MURPHY, and | ) | |
| ADAM LORENZ,[1] | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are Plaintiff Steven Nitz, Jr.'s Motion to Request Counsel, ECF No. 10,

and application to proceed *in forma pauperis* ("IFP"), ECF No. 11.  For the reasons that follow,

the motions are DENIED.

I.     **Legal Standard**

Under the federal *in forma pauperis* statute, "[t]he court may request an attorney to

represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, "parties to

civil litigation have no right to counsel."  *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir.

2004).  When faced with a request to appoint counsel, the court must ask: "(1) has the indigent

plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing

so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it

himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  Litigating a case includes

"evidence gathering, preparing and responding to motions and other court filings, and trial."  *Id.*

at 655.  In determining whether the difficulty of the case exceeds the plaintiff's capacity to

---

[1] In the caption, this name is spelled Adam Lorenzo, Compl. 1, ECF No. 1, but later in the complaint is spelled Adam Lorenz, *id.* at 3.  The Court uses the spelling from the body of the complaint.

1

litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as the plaintiff's "intellectual capacity and psychological history." *Id.*  The court must make this determination while considering the stage of litigation the case is in and "the complexities of advanced-stage litigation activities." *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015).  Even if the court grants a motion to recruit counsel, there is no guarantee it could find an attorney willing to take the appointment—the court cannot require an attorney to accept appointment to a civil case. *See Pruitt*, 503 F.3d at 653.

## II.    Analysis

### a.  Whether Nitz Qualifies Financially

The Court can only request that attorney represent a person under § 1915(e)(1) if the person is "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Although the language "unable to afford counsel" seems like it would encompass a different inquiry than the court makes when determining whether someone can pay the costs of the proceeding under § 1915(a)(1)—someone might be able to afford approximately $500 for a filing fee, but not to pay an attorney, which in all likelihood costs much more than $500—courts have routinely held, at least by implication, that requests for recruitment of counsel and to proceed IFP are subject to the same standard and require a finding of indigency.  *See, e.g.*, *Vandenboom v. Strohmeyer*, No. 1:22-cv-02006-MPB-MJD, 2023 WL 4269960, at *1–2 (S.D. Ind. June 28, 2023) (concluding that because the plaintiff was not indigent, he could not be appointed counsel under § 1915(e)(1)); *Hairston v. Blackburn*, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010) ("[A] proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)."); *Jackson v. Police's Annuity & Benefit Fund*, No. 97 C 7438, 1997 WL 736722, at *1 (N.D. Ill. Nov. 17, 1997) ("This Court cannot break the operative rules that

provide for representation of 'any person unable to afford counsel' (28 U.S.C. § 1915(e)(1)), a standard that is linked by *id.* § 1915(e)(2) to a showing of 'poverty.'").  Even the Seventh Circuit's caselaw on appointment of counsel refers to "the court's discretionary authority to recruit a lawyer to represent an *indigent civil litigant*."  *Pruitt*, 503 F.3d at 653 (quotation marks omitted) (emphasis added).  The Court therefore concludes that it must decide whether Nitz is indigent or impoverished to determine his eligibility for court-recruited counsel.

Although Nitz paid the filing fee, he has now filed an application to proceed IFP.  *See generally* Appl. IFP.  "[A] person need not be absolutely destitute in order to enjoy the benefit of [§] 1915."  *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).  He need only be unable to pay the costs of the proceeding and still be able to provide himself and his dependents "with the necessities of life."  *Id.* (quotation marks omitted).  "Some courts refer to the poverty guidelines set forth by the United States Department of Health and Human Services ('DHHS'), but the guidelines are not dispositive."  *Bomar v. Krueger*, No. 4:15-cv-04153-SLD-JEH, 2015 WL 8750650, at *1 (C.D. Ill. Dec. 14, 2015) (collecting cases).  "Courts have wide discretion to decide whether a litigant is impoverished . . . ."  *Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012).

Nitz indicates that he made $10,000 monthly on average over the past twelve months and that he expects $7,000 in income next month.  Appl. IFP 1.  However, he also indicates that he received $156 per month in food stamps and lists his total average monthly income as only $156. *Id.* at 2.  He states that he has $3,900 in a checking account and $200 in a savings account.  *Id.* He states that he owns a $435,000 home (that is being built) as well as three vehicles, one worth $90,000.  *Id.* at 3.  He also indicates that he lost two of his main business accounts recently.  *Id.* at 5.

Nitz does not list any dependents or a spouse, *see id.* at 1–3, so the Court concludes that he is a one-person household. Even if the Court uses the lower monthly income of $7,000, that amounts to an estimated yearly income of $84,000. That is more than five times the federal poverty level for an individual. *See Federal poverty level (FPL)*, HealthCare.gov, http://healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited May 13, 2026) (listing the 2026 federal poverty level for an individual as $15,960). Though Nitz lists high monthly expenses, Appl. IFP 4–5, the Court finds that based on his income and assets, Nitz is not indigent. Accordingly, Nitz is not entitled to court-recruited counsel or to proceed IFP.

### b. Other Factors for Recruitment of Counsel

Even if Nitz had shown that he was indigent, the Court would deny his motion for counsel because he has not demonstrated that he has made a reasonable attempt to obtain counsel or that he is not competent to litigate this case himself. Nitz states that he contacted eight attorneys or law firms about his case, Mot. Request Counsel 2, but he does not state that the attorneys declined to represent him.[2] Before the Court would exercise its discretion to recruit a lawyer for Nitz, he would need to show more. Nitz also does not address any factor that would be relevant to his competence to litigate this case. *See Pruitt*, 503 F.3d at 655 (noting that a court should consider "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as the plaintiff's "intellectual capacity and psychological history" in determining whether the plaintiff is competent to litigate his own case).

---

[2] The Court acknowledges that Nitz attached to a prior motion to request counsel an email from Atlas Law Center declining representation. *See* Mar. 13, 2026 Email, ECF No. 3 at 3.

4

### III.    Conclusion

For the foregoing reasons, Plaintiff Steven Nitz, Jr.'s Motion to Request Counsel, ECF No. 10, and application to proceed *in forma pauperis*, ECF No. 11, are DENIED WITHOUT PREJUDICE.

Entered this 20th day of May, 2026.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE
